**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd,. Suite 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
XIAOQUIN LIANG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOQUIN LIANG,<br><br>    Plaintiff,<br><br>vs.<br><br>IQ DATA INTERNATIONAL, INC.<br><br>    Defendant(s). | Case No.: 2:22-cv-1943<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**3. VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |

- 1 -

## INTRODUCTION

1. XIAOQUIN LIANG ("Plaintiff") brings this action to secure redress from IQ DATA INTERNATIONAL, INC. ("Defendant") for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1785.88, and the Consumer Credit Reporting Agencies Act [Cal. Civ. Code 1785.25(a).

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Washingtin. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to

1 | be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. Defendant is attempting to collect an alleged debt from Plaintiff relating to Plaintiff's prior apartment ("Subject Premises") at the Vermont.

9. Neither Defendant nor its original creditor client ever sent Plaintiff an itemized statement regarding the charges incurred and deducted for repair and/or cleaning of the Subject Premises.

10. California Civil Code §1950.5(g)(2) says, "Along with the itemized statement, the landlord shall also include copies of documents showing charges incurred and deducted by the landlord to repair or clean the premises…" Sending these non-itemized debt claims does not fulfill the statutory requirements: The "documents" should include the hourly rate, specific work performed, hours spent, and documentation of expense invoices, bill, or receipt. If the landlord does not do the work himself, he must provide a copy of the itemized bill, invoice, or receipt supplied by the person or entity performing the work. If the landlord, property manager, or employee actually did the work, then you still must get an itemized statement specifically describing the work done, the hours spent, and the hourly rate they are claiming. The landlord must prove that the hourly rate, time spent, and work done was all "reasonable."

11. Plaintiff has requested these invoices from Defendant on numerous occasions but Defendant has failed to provide them. Under the FDPCA, if Defendant cannot validate the debt, they must cease collecting the debt.

12. Notwithstanding, Defendant has continued to attempt to collect debt from Plaintiff regarding the Subject Property by negatively credit-reporting an inaccurate deficiency balance which it has failed to validate.

13. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

# FIRST CAUSE OF ACTION
## (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   (a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) Defendant violated 15 U.S.C. §1692g(b) by continuing to collect debt from Plaintiff after receipt of Plaintiff's dispute and request for validation.

   (c) Defendant violated 15 U.S.C. §1692f use unfair or unconscionable means to collect or attempt to collect any debt.

16. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

# SECOND CAUSE OF ACTION
## (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

20. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

**Violations of the California Consumer Credit Reporting Agencies Act,**

**Cal. Civ. Code §1785.25(a)**

**(Against Defendant)**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

24. Defendant willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

25. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

26. As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)   Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b)   Statutory damages pursuant to statute(s);

(c)   Punitive damages pursuant to statute;

(d)   Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e)   For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: March 24, 2022        **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*